UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

          PLAINTIFF,

                                 CASE NO.: 03-CV-72791-DT

vs.

                                 HON. JOHN CORBETT O'MEARA
                                 MAG. JUDGE STEVEN D. PEPE

SHERRON MOORE, KATRINA CLARK,
as GUARDIAN AD LITEM for
KAVOTTIS MOORE and KYLA MOORE, Minors;
KEVIN MOORE II, and
LAWRENCE E. MOON FUNERAL HOME INC.,

          DEFENDANTS.

_____/

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This action results from a Complaint for Interpleader brought by Plaintiff, Metropolitan

Life Insurance Company ("MetLife"), for adjudication of Kevin L. Moore's ("Decedent"), life

insurance policy issued by MetLife to Decedent's employer Delphi Automotive Systems.  The

policy issued by MetLife funds The Delphi Life and Disability Program, which is governed by

the Employee Retirement Income Security Act of 1974 ("ERISA").

Plaintiff Katrina Clark filed a Motion for Action on Summary Judgment, Demand for

Judgment/Distribution of Metlife Proceeds, and To Dismiss Conference (Dkt. #63), and a

Motion to Disqualify Magistrate Judge Wallace Capel, Jr. and United States District Court Judge

John Corbett O'Meara (Dkt. #64). These matter have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below it is recommended that Plaintiff Katrina Clark's two Motions be **DENIED**.

## II.   FACTS

This matter is on remand from the Sixth Circuit for further proceedings consistent with its ruling. *Metropolitan Life Ins. Co. v. Clark*, 159 Fed. Appx. 662, 664, 2005 WL 3419998 (6th Cir. 2005). The description of facts of this case in the appellate opinion, which are not in dispute, is adequate for consideration of the present motions:

> Kevin Moore and Katrina Clark were divorced in Michigan on December 15, 1995. Moore was ordered to pay child support in the amount of $151 per week for his then-five and three-year-old children, Kyla and Kavottis, until they reached the age of majority. The state court also held that Moore "shall forthwith make all three [FN 1.] of his children irrevocable beneficiaries pro rata to the proceeds of any insurance policy presently in force upon his life, and said minor children shall remain the irrevocable beneficiaries to such payment for so long as they are eligible to receive support from Plaintiff [Moore.]" At the time, Moore had a life insurance policy with MetLife in the amount of $50,000 through his employment at General Motors.
>
> > FN 1.  Moore only had two children with Clark; the "three" appears to be a clerical mistake. Kevin Moore's son by another marriage, Kevin Moore II, also submitted a claim to MetLife upon his father's death. His claim was without merit, however, and properly dismissed.
>
> Moore remarried in 1999. On December 2, 1999, he designated his wife – Sherron Moore – as the sole beneficiary of his General Motors policy. Kevin Moore died on April 26, 2003. Moore's widow and his ex-wife, on behalf of minors Kyla and Kavottis Moore, filed claims with MetLife under the policy. Metlife filed an interpleader in district court and requested that Clark be appointed Guardian Ad Litem for her two minor children. The district court accepted the interpleader and released MetLife; the court appointed Clark as requested.
>
> Clark and Sherron Moore each filed for summary judgment. A magistrate judge prepared a report and recommendation wherein he concluded that Sherron Moore was entitled to the proceeds of Kevin Moore's insurance policy as a matter of law. The district court adopted the report and recommendation, thereby granting summary

judgment in favor of the appellee. Clark filed a motion to set aside or amend the judgment, which the district court denied.[1] Clark filed this appeal pro se, having dismissed her attorney.

This case arises under 29 U.S.C. §§ 1001-1461 (collectively "the Employee Retirement Income Security Act of 1974" or "ERISA"). Therefore, the district court had jurisdiction pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1291 grants us jurisdiction to hear this timely appeal from a final judgment of district court.

*Id.* at *1.

## III.   <u>MOTION TO DISQUALIFY</u>

Plaintiff Katrina Clark filed a "Motion to Disqualify Magistrate Judge Wallace Capel, Jr. and United States District Court Judge John Corbett O'Meara." She filed the same substantive document, except for the title, "Complaint Against Magistrate Judge Wallace Capel, Jr. and United States District Court Judge John Corbett O'Meara" on April 13, 2006, before the Sixth Circuit Court of Appeals. Both documents open with a paragraph stating:

> Now comes Katrina Clark, ProPer in this 29 U.S.C.A. 1056 matter and states that pursuant to FRAP 18(a) and accordance with provisions of Title 28 U.S.C. 636(c) she moves Chief Justice of the (Sixth) Circuit Executive Office to have the above-stated Judges disqualified from sitting on this particular case.

The two documents continue with identical substance. It appears that she mistakenly filed her motion with the district court, when she meant to file it with the Sixth Circuit, which she did two days later. Complaints to the Judicial Council of the Sixth Circuit are initially considered by the Chief Judge of the Sixth Circuit. Chief Judge Danny Boggs entered an Order and Memorandum dated August 21, 2006, on behalf of the Judicial Council of the Sixth Circuit, dismissing her complaint. He noted that Rule 1(e) of the Rules Governing Complaints of Judicial Misconduct

---

[1]The district court then Ordered distribution of the insurance proceeds to Sherron Moore and her attorney on December 17, 2004 (Dkt. #53).

3

or Disability states that the complaint procedure can not be used to have a judge disqualified

from sitting on a particular case.  In addition, he explained that the complaint misunderstood the

legal basis of the reference to Magistrate Judge Capel.  It was not a reference under 28 U.S.C. §

636(C) to exercise full jurisdiction that requires party consent, but a reference under 28 U.S.C. §

636(b)(1)(B) for report and recommendation – as the current reference on these two motions –

which does not require party consent.  Judge Boggs noted further that after objections were filed

to Magistrate Judge Capel's report and recommendation, District Judge O'Meara reviewed the

report as required by 28 U.S.C. § 636(b)(1)(B).   While that determination was later reversed by

the Sixth Circuits on the merits of the motion, there was no error found in the procedures

followed by the district court.

Ms. Clark's motion to disqualify judges of this Court needs be addressed before a review

of the merits of her motion for summary judgment can be completed.  For reasons noted below

her motion to disqualify is without merit.

Her Motion to Disqualify Magistrate Judge Wallace Capel, Jr. is moot because the case

has been reassigned to a different magistrate judge, although for reasons different than those

alleged by Plaintiff Katrina Clark.  The jurisdiction of the magistrate judge to consider her

present motion for summary judgement again is not pursuant to 28 U.S.C. § 636(c), but under 28

U.S.C. § 636(b)(1)(B) which, as explained by Judge Boggs, does not require her consent.

As to her Motion to Disqualify Judge John Corbett O'Meara, she relies on FRAP 18(a)

and 28 U.S.C. § 636(c).   The § 636(c) latter argument has already been addressed by Judge

Boggs and does not apply to or limit district judge jurisdiction to review a report and

recommendation of a matter referred under  28 U.S.C. § 636(b)(1)(B).

4

Federal Rule of Appellate Procedure 18(a)[2] deals with staying administrative proceedings, and apparently Ms. Clark sought to have the Appellate Court stay any further consideration of her claims in this district court by Judge O'Meara.

Ms. Clark's factual allegations deal largely with Thomas Donnellan, her former attorney, and Thomas McCombs, the attorney for Sherron Moore, colluding against Ms. Clark. She even asserts that Mr. McCombs tried to get Sherron Moore named "Guardian Ad Litem" for Ms. Clark's two minor children. This extraordinary claim is not supported by the record. There is no motion by Mr. McCombs to have his client, Sherron Moore, named "Guardian Ad Litem" for Ms. Clark's minor children. As all would expect, and no sensible person would challenge, Met Life moved and on August 21, 2003, Judge O'Meara appointed Ms. Clark "Guardian Ad Litem" for her two children (Dkt. #3 and #4).

Ms. Clark asserts in conclusory fashion:

that Judge O'Meara did not provide her with procedural or substantive due process;

that Judge O'Meara has an association and personal relationship with her and Ms. Moore's Attorneys; that they this relationship to guarantee that Sherron Moore received the life insurance proceeds;

that Judge O'Meara allowed Attorney McCombs to file a fraudulent claims for the

---

[2] Federal Rule of Appellate Procedure 18(a) **Motion for a Stay.**
(1) Initial Motion Before the Agency. A petitioner must ordinarily move first before the agency for a stay pending review of its decision or order.
(2) Motion in the Court of Appeals. A motion for a stay may be made to the court of appeals or one of its judges.
    (A) The motion must:
        (i) show that moving first before the agency would be impracticable; or
        (ii) state that, a motion having been made, the agency denied the motion or failed to afford the relief requested and state any reasons given by the agency for its action.

insurance proceeds;

that Judge O'Meara ignored and neglected her Objections and Motion to Set Aside
the Judgement;

that there is a conspiracy and collusion between Judge O'Meara and Attorney's
Donnellan and McCombs; and finally that Judge O'Meara paid $8,200.00 to the
to the funeral home that was a debt of Sherron Moore without notifying her and before there
was a final Judgment.

On this last point it was Magistrate Judge Capel, not Judge O'Meara, who on September 22,

2004, signed the stipulated order to pay the $8,201.42 debt and then to dismiss the intervening

party, the Lawrence E. Moon Funeral Home  (Dkt. # 38).  This stipulation was signed by Ms.

Clark's attorney, Thomas Donnellan, on August 18, 2004 (*Id.*)

Ms. Clark makes only these broad accusations without a factual basis for each claim

against Judge O'Meara.  Her claims against Judge O'Meara seem basically to challenge him as

biased  against her because he ruled against her on the earlier motions for summary judgment.

This is not a sufficient basis to disqualify a judge.

A district court judge should disqualify him or herself in certain situations.  Title 28

U.S.C. § 455 reads in part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify
himself in any proceeding in which his impartiality might reasonably be questioned

(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal
knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice he served as lawyer in the matter in
controversy, or a lawyer with whom he previously practiced law served
during such association as a lawyer concerning the matter, or the judge or
such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity
participated as counsel, adviser or material witness concerning the
proceeding or expressed an opinion concerning the merits of the particular
case in controversy;

6

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> (ii) Is acting as a lawyer in the proceeding;
> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 144 states:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In the present case, Ms.Clark's assertions do not state sufficient facts and the reasons to demonstrate that bias or prejudice exists regarding Judge O'Meara, or that he should be disqualified from proceeding in this case for any other of the reasons listed in 28 U.S.C. § 455.

## IV.   MS. CLARK'S MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standards for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a

7

reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue

as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz

v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the

Court must view the evidence in the light most favorable to the non-moving party. *See Duchon

v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711

F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S.

317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after
> adequate time for discovery and upon motion, against a party who fails to make a
> showing sufficient to establish the existence of an element essential to that party's
> case, and on which that party will bear the burden of proof at trial. In such a
> situation, there can be "no genuine issue as to any material fact," since a complete
> failure of proof concerning an essential element of the non-moving party's case
> necessarily renders all other facts immaterial. The moving party is "entitled to a
> judgment as a matter of law" because the non-moving party has failed to make a
> sufficient showing on an essential element of her case with respect to which she has
> the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely

"upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as

otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue

for trial." Fed. R. Civ. P. 56(e).

8

B.      Analysis [3]

Plaintiff Katrina Clark argues that she is entitled to the life insurance benefits on behalf of Kavotiss and Kyla Moore following the Sixth Circuit's opinion reversing and remanding the case back to this Court.  She argues that she has met her "burden of demonstrating the absence of all genuine issues of material fact."  (Dkt. #63, page 4).  She argues that "[t]his burden was satisfied in the United States District Court in the movant's Objections to Disbursement of Metlife Proceed in Summary Judgement to Sherron Moore and the movant's Motion to Set Aside/Amend Judgment And/Or Leave to File Appeal filed November 8, 2004 and December 7, 2004, respectively."  (Dkt. #63, pages 4-5).

First, although the Sixth Circuit held that the Judgment of Divorce [JOD] in this case was in literal compliance with ERISA, this is not dispositive of the case.  The Sixth Circuit also examined the issues raised as to whether the divorce decree was modified by the family court prior to Kevin Moore's death.  The Sixth Circuit specifically held:

> The magistrate judge found in the alternative that the divorce decree had been modified by the time of Kevin Moore's death so as to negate any entitlement in his children. In 2001, Moore went on disability and Clark began to receive Social Security disability payments on behalf of their children. In an order dated March 12, 2001, a Genesee County family court noted that Clark and Moore had been divorced "and support was set in the amount of $151.00 per week." Yet in light of Moore's new disability status, the family court held that Moore's "support obligation shall be terminated so long as the Defendant/Mother continues to receive the monthly payments from [Social Security]." The family court added that Moore's "health insurance obligations shall continue," but did not specifically mention the life insurance policy.

---

[3]The discussion does not contain any arguments by Defendant Sherron Moore responding to Plaintiff Katrina Clark's motions.  An order dated November 1, 2006, referred this matter "to the Metropolitan Trial Lawyers Association/ Detroit Metropolitan Bar Association for the purpose of a pro bono attorney being appointed to represent the Defendant in this action." (Dkt. #71).  As of the date of this Report and Recommendation no pro bono attorney had been appointed.

Because the divorce decree states that Moore's children "shall remain the irrevocable beneficiaries to such payment so long as they are eligible to receive support from [him,]" the magistrate judge reasoned that the 2001 order ended the children's rights under the life insurance policy. The judge identified the family court's failure to mention the life insurance policy as additional evidence that Moore's children were no longer mandatory beneficiaries.

The magistrate judge's conclusion finds insufficient support in the record. According to the family court: "This matter came before the Referee on Plaintiff [Moore's] Motion to credit his support for the amount Defendant [Clark] is now receiving from Social Security Disability on behalf of the Plaintiff." This change in method of support did not obviously revoke support eligibility. The fact that the order "is silent on the issue of the life insurance," as the magistrate judge notes, is equally suggestive that the divorce decree remains untouched in that respect.
Although unapparent from the record, it is conceivable that the decedent's children are entitled to "child's insurance benefits," i.e., continued monthly payments until the children reach the age of majority, because of Moore's disability. *See* 42 U.S.C. § 402(d)(1)(B)(iii). Even so, the family court may have intended that the children retain their claim to Moore's life insurance because, for instance, posthumous disability represents only a portion of the original, monthly benefits. *See id.* at § 402(d)(1)(H)(2). Thus, the family court may have intended that the life insurance proceeds supplement any disability insurance. . . .

Absent a clear indication that the state intended to revoke the beneficiary status of Kevin Moore's two children, the appellee is not entitled to summary judgment. Indeed, it is incumbent upon Sherron Moore to demonstrate the intent of the state to revoke Kyla and Kavottis' otherwise "irrevocable" benefits.

*Metropolitan Life*, 159 Fed. Appx. at 665-666, 2005 WL 3419998, at *2-3 (footnote omitted).

Thus, upon remand by the Sixth Circuit there still remains a genuine issue of material fact

regarding "the intent of the state to revoke Kyla and Kavottis' otherwise 'irrevocable' benefits."

Thus, Plaintiff Katrina Clark must prove that there is no material facts in dispute

regarding the modification of the divorce decree.  As stated earlier she relies on her Objections

and Motion to Set Aside/Amend Judgment/Leave to Appeal to meet that burden.  In these

pleadings, she argues that the modification did not terminate the Order of Support to her

children, rather, it was "for the strict purpose to **Credit his support the amount the Defendant**

**was receiving from Social Security on his behalf in compliance with the Support Order in the Order of Judgment of Divorce**." (Dkt. #41, pages 8-9 (emphasis in the original); *see also* Dkt. #47, page 5). Further, Plaintiff Katrina Clark argues that the Friend of the Court Referee found that "<u>Plaintiff was ordered to provide insurance for the children.</u>" (Dkt. #41, page 9 (emphasis in the original)). A review of the Referee's Recommendation Report and Order of the Court reveals that the aforementioned statement was included under the Findings of Fact; however, there were also issues of health as well as life insurance in the JOD (Dkt. #41, Exhibit A). Thus, this provision for insurance is ambiguous, contrary to Plaintiff Katrina Clark's argument that "[t]his *is* the life insurance provision." (Dkt. #41, page 9 (emphasis added)). Further, this statement is only part of the findings of fact, not part of the referee's Recommendation or the family court's Order.

Additionally, Plaintiff Katrina Clark argues that "[t]he minor children continued to be eligible for support as evidenced by their receipt of a portion of their father Kevin Moore's Disability income. Therefore, the relevant provision of the Judgment of Divorce at issue in this matter remained in affect [sic]." (Dkt. #41, page 9; *see also* Dkt. #47, page 6). Again, reference to the Referee's Recommendation Report and Order of the Court reveals that the Recommendation that was adopted read: "IT IS the recommendation of the referee that, retroactive to November 6, 2000, the Plaintiff's support obligation shall be terminated so long as the Defendant/Mother continues to receive the monthly payments from SSDIB for the benefit of the children. Plaintiff's health insurance obligation shall continue." (Dkt. #41, Exhibit A). Unfortunately, the Recommendation and Order of the family court are silent on the issue of the life insurance. Thus, it bears repeating that as the Sixth Circuit pointed out,

11

> the family court *may* have intended that the children retain their claim to Moore's life insurance because, for instance, posthumous disability represents only a portion of the original, monthly benefits. *See id.* at § 402(d)(1)(H)(2). Thus, the family court *may* have intended that the life insurance proceeds supplement any disability insurance.

*Metropolitan Life*, 159 Fed. Appx. at 666, 2005 WL 3419998, at *3 (emphasis added).

Lastly, Plaintiff argues that Modified Child Support Order did not replace the language and authority of the original JOD and that it was only to maintain support for the minor children and "for the strict purpose of maintaining the conditions of the Order of Support in the original Judgment of Divorce with its Domestic Relations Order provisions." (Dkt. #47, pages 7 and 9 (emphasis in the original)). The "purpose" of the Referee's Recommendation Report and Order of the Court was the result of decedent's receipt of social security benefits. (Dkt. #41, Exhibit A). Family Court Judge Bruce A. Newman "**ORDERED THAT THE ATTACHED REFEREE RECOMMENDATION IS APPROVED AND THAT THE ORDERS ENTERED PREVIOUSLY IN THIS MATTER ARE MODIFIED PURSUANT TO THE TERMS AS SET FORTH IN THE ATTACHED REFEREE RECOMMENDATION**." *Id.* (emphasis in the original). The Recommendation simply stated that decedent did not have to make child support payments when the children were receiving support in the form of checks from the Social Security Administration based on his disability. It stated explicitly that he was still required to provide health insurance to his children. Again, it was *silent* on his life insurance policy. Again, the Sixth Circuit held "[t]his change in method of support did not *obviously* revoke support eligibility. The fact that the order 'is silent on the issue of the life insurance,' as the magistrate judge notes, is equally suggestive that the divorce decree remains untouched in that respect." *Metropolitan Life*, 159 Fed. Appx. at 665-66, 2005 WL 3419998, at

12

*3 (emphasis added).  Thus, it is not clear either way and Plaintiff Katrina Clark's current

motion for summary judgment does not dispel this remaining factual issue.  Thus, summary

judgment is not appropriate at this time.

## V.    CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff Katrina Clark's Motion

for Summary Judgement on Behalf of Defendants Kyla and Kavottis Moore and her Motion to

Disqualify Magistrate Judge Wallace Capel, Jr. and District Court Judge John Corbett O'Meara

be **DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation; the movant is required to file any objections on or before March 12, 2007.

Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v.

Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States

v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to

raise others with specificity, will not preserve all the objections a party might have to this report

and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.

Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D.

Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within

ten (10) days of service of any objecting party's timely filed objections, the opposing party may

file a response.  The response shall be not more than twenty (20) pages in length unless by

motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.  A party

may file a reply brief within 5 days of service of a response.  The reply shall be not more than

five (5) pages in length unless by motion and order such page limit is extended by the Court.


Date: February 23, 2007                                    s/Steven D. Pepe
Flint, Michigan                                            United States Magistrate Judge



<u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on February 23, 2007, I electronically filed the foregoing paper with
the Clerk  Court using the ECF system which will send electronic notification to the following:
<u>Randolph D. Phifer, </u>, and I hereby certify that I have mailed United States Postal Service the
paper to the following non-ECF participants: <u>Trek E. Carethers, 1274 Library St., Ste. 500,
Detroit, MI 48226, Thomas M. Donnellan, 653 S. Saginaw St., Ste.308, Flint, MI 48502, Sherron
Moore P.O. Bos 301674, Flint, MI 48531, Kevin Moore II, 2525 Begole, Flint, MI 48504,
Katrina L. Clark, 237 E. Rankin, Flint, MI 48505</u>.


                                            <u>s/ James P. Peltier</u>
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church St.
                                            Flint, MI 48502
                                            810-341-7850
                                            pete__peliter@mied.uscourts.gov

14